12 CV 7335

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



# 1

| | |
|---|---|
| WINIFRED JIAU, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MORGAN, LEWIS & BOCKIUS, LLP, | ) |
| a limited liability partnership and | ) |
| JOANNA C. HENDON, an individual, | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**COMPLAINT FOR LEGAL
MALPRACTICE, NEGLIGENCE,
BREACH OF FIDUCIARY DUTY**

**DEMAND FOR JURY TRIAL**

Plaintiff Winifred Jiau alleges as follows :

## THE PARTIES

1. Plaintiff Winifred Jiau ( "Plaintiff" or Jiau ) an individual , was incarcerated in MCC New York, at 500 Pearl Street, New York, New York 10007, between March 2011 and November 2011.

2. Jiau is informed and believes and thereon alleges, that Defendant MORGAN, LEWIS & BOCKIUS, LLP("Morgan Lewis"), is a limited liability partnership with law office throughout the United States and New York, including an office at 101 Park Avenue,

- 1 -

40th Floor, New York, New York 10178. Morgan Lewis is organized and existing under the laws of the State of Pennsylvania and listed its principal executive office at 1701 Market Street, Philadelphia, Pennsylvania 19103. At all time alleged herein, Morgan Lewis held itself out as having specialized knowledge and skills in Securities Fraud criminal defense.

3. Jiau is informed and believes, and thereon alleges, that Defendant JOANNA C. HENDON("Hendon") is an individual currently practicing law as a partner of Defendant Morgan Lewis at 101 Park Avenue, 40th Floor, New York, New York 10178. Jiau is further informed and believes, and thereon alleges, that, at all the time alleged herein, that Ms. Hendon is a partner of the law firm of Morgan Lewis & Bockius, LLP, and engaged in the practice of law at Morgan Lewis' office located at 101 Park Avenue, 40th Floor, New York, Manhattan County, New York in 2011. At all times alleged herein, Ms. Hendon held herself out as having specialized knowledge and skill in Securities Fraud criminal defense.

JURISDICTION

4. This is an action for legal malpractice, negligence, breach of fiduciary duty, and violation of Jiau's constitution right to the effective assistance in criminal proceeding. There is complete diversity of citizenship between plaintiff and all defendants, and the matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000. This Court has jurisdiction pursuant to 28 U.S.C. §1332, 28 U.S.C. §1331, 42 U.S.C. §1985, 42 U.S.C. §1983. Plaintiff has approved to proceed in forma pauperis under 28 U.S.C. §1915 at S.D.N.Y. (Docket # 11-cr-161), and at Second Circuit (Docket # 11-4167).

VENUE

5. Venue is proper in this judicial district pursuant 28 U.S.C. §1391(b) in that a substantial part of the events of omissions giving rise to Jiau's claims occurred in this district.

FACTS COMMON TO ALL CAUSES OF ACTION

6. On or about December 28, 2010, Jiau was arrested by a complaint issued from Southern District of New York with two counts of insider trading and related charges.

7. On or about February 22, 2011, Jiau was indicted as the same charges in the above-mentioned complaint.

8. In connection with Jiau's indictment and arraignment in Southern District of New York, on or about March 4, 2011, at Manhattan, Manhattan County, New York, Jiau received a court appointed counsel, pursuant 18 U.S.C.S. §3006 A(e), Attorney Hendon from Morgan Lewis & Bockius, LLP, to represent Jiau as Jiau's attorney at law in connection with all appropriate criminal proceedings for case # S1 11-cr-161. At such time and place, Morgan Lewis and Hendon accepted such appointment and agreed to perform such services for Jiau.

9. As criminal defense counsel to Jiau, Morgan Lewis and Hendon owed Jiau duties of care commensurate with the specialized standards of legal practice within this area. In the course of the relationship, there existed a fiduciary relationship, wherein Jiau reposed trust and confidence on Morgan Lewis and Hendon. Morgan Lewis and Hendon accepted and acknowledged this fiduciary responsibility to Jiau regarding these matters.

10. Jiau is informed and believes and thereon alleges that in connection with this representation, Morgan Lewis and Hendon would handle all the necessary criminal defense for Jiau against U.S. Attorney's prosecution, said proceedings including but not limited to pre-trial investigation, trial preparation, pre-trial motions, plea negotiation, trial and post-trial proceeding concerning case #S1 11-cr-161.

11. Jiau is informed and believes thereon alleges that, on or about March 23, 2011, Jiau emailed and phoned Attorney Hendon to continue with bail application, and appeal the district court's decision if the bail was denied.

12. Jiau informed Attorney Hendon that she decided to plea and needed a favorable plea agreement. The same requests made to Attorney Hendon repeatedly between April 1 and May 2, 2011, prior to the issuance of bills of particular on May 2, 2011.

13. Jiau is informed and believes and thereon alleges that Morgan Lewis and Hendon failed to properly and with due care investigate many circumstantial evidence, which included those claims covering material development of Jiau's criminal proceedings, by at least the following negligent errors and/or omissions :

    (1)    failing to negotiate a plea agreement timely.

(2)    failing to investigate exculpatory evidence and to call certain witnesses knowing material evidence.

(3)    failing to obtain necessary experts as crucial to defense theory that earning information is not material.

(4)    failing to impeach Government's key witnesses.

(5)    failing to object jury instruction; failing to object to court's response to jury questions.

(6)    failing to Voir Dire the jurors; failing to object to discharge of the sworn juror; failing to move to mistrial for abuse of discretion.

(7)    failing to object leading questions and bolstering by prosecutors when Nguyen was called to testify.

(8)    failing to move for a new trial based on the ground of hearsay.

(9)    failing to adequately represent Jiau in sentencing phase.

(10)    failing to make a jurisdiction challenge.

14. As criminal defense counsel to Jiau, Morgan Lewis and Hendon owed Jiau duties of care commensurate with the specialized standards of legal practice within this area. In the course of the relationship, there existed a fiduciary relationship, wherein Jiau reposed trust and confidence on Morgan Lewis and Hendon. Morgan Lewis and Hendon accepted and acknowledged this fiduciary responsibility to Jiau regarding these matters.

15. Commencing on or about June 15, 2010, at least Morgan Lewis partners Joanna Hendon and David Luttinger were aware Hendon's malpractice in connection with the Joint defense agreement with a hedge fund and Sonar Capital's email concerning Marvell trade reversal in November 2007. Labored under conflicts of interest, such evidence might favor Jiau's case was not presented at trial, and many circumstantial evidence indicated a concerted pattern by the various investigators and Avi Weitzman to deprive Jiau of one or more of her constitutional rights. The repeated omission of exculpatory evidence by investigators while including inculpatory evidence, inclusion of debatably fabricated evidence, failure to follow obvious and apparent leads which implicated other individuals, and the use of questionable forensic conclusions suggests that the involved prosecutors

were acting deliberately toward the specific end result prosecution of Jiau without regard to the warning signs along the way that their end result was unjust and not supported by the facts of their investigation. These significant and material development affecting Jiau's constitutional rights, required by at least her criminal defense counsels' duty to keep the client informed and duty of loyalty to a client, resulting in further harm to Jiau.

16. Jiau is informed and believes and thereon alleges that, in violation of the duties of care commensurate with the specialized standards of legal practice within the criminal defense area, the fiduciary duty to keep the client informed, and their duty of loyalty to a client Morgan Lewis, and Hendon intentionally failed to disclose to Jiau this significant and material development affecting Jiau's valuable constitutional rights to conflict-free counsel, and instead intentionally and actively embarked on a deceptive course of action by which Morgan Lewis, Hendon and each of them, actively concealed from Jiau the nature of Morgan Lewis and Hendon's negligent actions in connection with the fact that Jiau's passports were misplaced and lost by Attorney Hendon ( Exhibit 1 ).

17. Jiau is informed and believes and thereon alleges that, in furtherance of their active efforts to conceal from Jiau the negligent actions in connection with loosing Jiau's passport. Without Jiau's consent as well as disregard to Jiau's specific instruction to continue with bail application, and in further violation of the fiduciary duty to keep the client informed, on or about March 23, 2011, Morgan Lewis and Hendon discontinued Jiau's bail application, by which Morgan Lewis and Hendon attempted to avoid to disclose to Jiau whose passport was lost by Attorney Hendon.

18. The concealment of Morgan Lewis and Hendon's conflicts of interest resulted in the loss of trial and sentence disparities between Jiau and other similarly situated federal defendants. Jiau is currently incarcerated, serving a sentence of 48 months, after being convicted, following a 12-day jury trial and was ordered to forfeit $3,118,000.00, allegedly representing the amount of proceeds obtained as a result of conviction of the charged offenses. Jiau could reach a timely plea agreement in March or early April of 2011, with a favorable term, like Mr. Don Chu received; 2 years probation, with no monetary penalty;

before prosecutors purposely skyrocked the artificial inflated avoided losses and profits to $3.2 millions in sentence hearing after Jiau lost the trial.

19. In further violation of the fiduciary duty to keep the client informed, and their duty of loyalty to a client, Morgan Lewis and Hendon did not inform Jiau the representation of a hedge fund in Galleon criminal investigation. Jiau discovered the above fact based on Attorney Hendon's company website in May, 2012.

20. Until on or about October 17, 2011, Morgan Lewis and Hendon continued to represent Jiau as Jiau 's attorney at law in connection with the criminal defense in Southern District of New York, case # s1 11-cr-161.

21. Jiau is informed and believes and thereon alleges that, on or about October 19, 2011, Hendon filed a motion to the Court of Appeals for an order permitting her to withdraw as Counsel of Jiau (Docket # 11-4167, 2d Cir, Doc #5). Hendon visited Jiau at MCC New York on October 17, told Jiau her decision that she no longer represented Jiau for further criminal proceedings. Jiau respected Hendon's decision and accepted it.

22. On or about May 17, 2012, Jiau filed Motion 33 for New trial, grounded on newly discovered evidence at Southern District of New York, on the basis that Jiau discovered Morgan Lewis and Hendon represent a hedge fund in Galleon criminal investigation.

23. On or about August 7, 2012, District Court Judge Rakoff ordered Jiau to file motions through the attorney of record. Jiau discovered Hendon and Morgan Lewis were still attorney of record at the district level. On or about August 20, 2012, Hendon declined Jiau's request to withdraw as her counsel of record on the docket sheet of proceeding at the district court because "we would need the make an application to the Court (to Judge Rakoff), and he would have to approve that motion." (Exhibit 2). Jiau followed Hendon's instruction, sent the termination request to Judge Rakoff by US certified mail on August 21, 2012 (certified # 7010 3090 0001 8554 8786). US postal's website (USPS.com) shows that the mail was delivered on August 24, 2012.

24. On or about September 4, 2012, Jiau made the second request to Hendon by email (Exhibit 2). Jiau's third request was delivered by US certified mail (certified # 7010 3090 0001 8554 4863). US postal's website (USPS.com) shows that mail was delivered on

September 10, 2012. Jiaus's fourth request to Hendon to withdraw as counsel of record was made on September 14, 2012 (Exhibit 3). Hendon made no response to Jiau's repeated requests after August 20, 2012.

25. On or about September 18 2012, Jiau filed Motion 2255 (Docket #11-cr-161, Doc# 161), claimed ineffective assistance of counsel of Attorney Hendon and other attorneys assigned to Jiau's trial from Morgan Lewis, for case # 11-cr-161.

26. On or about September 18, 2012, Ms. Hendon and Mr. Luttinger filed motion to withdraw as attorney (Docket # 11-cr-1611, Doc #165, #166).

27. In further violation of fiduciary duty of loyalty and their duty of care to a client, Morgan Lewis went ahead and issued a public statement on or about September 18, 2012, disregarding the sealing order from the court and the protection to their client's rights and privacy. Morgan Lewis stated: "The district court and the responsible [assistant U.S. attorneys] have stated publicly that Ms. Jiau received 'extraordinary' representation in this case — the 'Cadillac' of defenses." The contents infer a sealed hearing on Jiau's motion to change counsel held on September 15, 2011 (Docket # 11-cr-161, Doc# 126).

## FIRST CAUSE OF ACTION

### Legal Malpractice – Against All Defendants

28. Jiau realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-27 above.

29. At all times alleged above, Morgan Lewis and Hendon ( hereafter, " Defendants "), and each of them, failed to exercise reasonable care, skill and diligence in performing legal services for Jiau, and were negligent.

30. Defendant's wrongful actions in failing to promptly and fully inform Jiau of Morgan Lewis and Hendon represent other party than Jiau in Galleon's criminal investigation and/or its extension, and the fail to fully and properly inform Jiau as to the status of her passports in the course of acting Jiau's defense counsel. The conflicts of interest resulted in the loss of trial and ineffectiveness representation at trial and sentence hearing.

31. Jiau is informed and believes that thereon alleges that, had Defendants exercised proper care, skill and diligence in the foregoing matter, Jiau's constitutional right should not be violated, Jiau would be treated as other similarly situated federal defendants.

32. As approximate result of Defendants' negligence described herein, Jiau has been damaged in an amount to be proven at trial, but at least in an amount in excess of the jurisdictional minimum of this Court.

## SECOND CAUSE OF ACTION

### Negligence – Against All Defendants

33. Jiau realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-32 above.

34. As Jiau's criminal defense counsel, Defendants, and each of them, had a duty to exercise reasonable skill in performing legal and other criminal defense-related services for Defendants.

35. In breach of this duty, Defendants, and each of them, failed to take proper steps to correct, or to at least minimize, the harm to Jiau enjoined by failing to act as Jiau's defense counsel effectively.

36. As a proximate result of Defendants' negligence described herein, Jiau has been damaged in an amount to be proven at trial, but at least in an amount in excess of the jurisdictional minimum of this Court.

## THIRD CAUSE OF ACTION

### Breach of Fiduciary Duty - Against All Defendants

37. Jiau realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-36 above.

38. An attorney-client relationship is a fiduciary relationship of the very highest character.

39. The scope of an attorney's fiduciary duties to a client are determined as an matter of law based on the New York Rules of Professional Conduct together with other statutes and general principles relating to other fiduciary relationships. As a fiduciary, an attorney's

obligations include the duty of care, the duty of loyalty, and the duty to keep the client informed.

40. By virtue of the attorney-client relationship that existed between Defendants and Jiau, Defendants, and each of them owed to Jiau a fiduciary duty.

41. By virtue of Jiau having placed confidence and trust in the fidelity and integrity of Defendants, and entrusting Defendants with the prosecution of all appropriate criminal proceeding, including pre-trial, bail arraignment, sentencing phase, safeguarding a sealing order and protecting collateral documents of Jiau's, a confidential relationship existed at all relevant times herein mentioned between one or more of Defendants and Jiau.

42. In spite of having voluntarily accepted the trust and confidence of Jiau with regard to the prosecution of all appropriate criminal defense to Jiau's best interest and protect Jiau's constitutional rights, Defendants, and each of them, violated and abused the trust and confidence of Jiau by failing to properly and diligently perform legal services for Jiau and by intentional concealing and failing to fully and properly inform Jiau of the fact of Jiau's passports were lost by Attorney Hendon, hence Jiau's bail application was stopped without appeal.

43. The above-described actions by Defendants, and each of them, were contrary to the best interests of Jiau, and were done in the absence of good faith with a reckless disregard for Defendant fiduciary duties and Jiau's rights and with intent to defraud, under circumstances Defendants knew would damage Jiau.

44. As a proximate result of the acts of Defendants described herein, Jiau has been damaged in the amount to be proven at trial, but at least in an amount in excess of the jurisdictional minimum of this Court

45. The above-described actions by Defendants, and each of them, were done with bad faith, malice, fraud and oppression and with reckless disregard of the likelihood that the harm would result in substantial damages to Jiau. Accordingly, Jiau seeks an award of punitive damages.

## FOURTH CAUSE OF ACTION

### Breach of Implied Contract – Against Morgan, Lewis & Bockius, LLP

46. Jiau realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-45 above.

47. Since at least as early as March 8, 2011, an implied-in-fact contract pursuant 18 U.S.C. §3006(a) existed between Morgan Lewis and Jiau. Pursuant to this contract, Morgan Lewis agreed to provide legal services to Jiau in connection with the criminal defense of Jiau's alleged insider trading indictment in Southern District of New York, case #s1 11-cr-161.

48. Morgan Lewis failed to supervise Attorney Hendon and other attorneys assigned to the trial team timely, properly, and with due care render legal services to Jiau, in breach of its contract with Jiau pursuant 18 U.S.C. §3006(a)

49. As a proximate result of the acts of Morgan Lewis described herein, Jiau has been damaged in the amount to be proven at trial, but at least in an amount in excess of the jurisdictional minimum of this Court.

### FIFTH CAUSE OF ACTION

#### Violation of Civil Rights – Against All Defendants

50. Jiau realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1-49 above.

51. Defendants Morgan Lewis and Hendon deprived Jiau's right to representation by conflict-free counsel, and the opportunity to participate meaningfully in a judicial proceeding by retaining an expert witness because Attorney Hendon failed to conduct an inquiry timely in an ex parte proceeding under the Criminal Justice Act, 18 U.S.C. §3006A(e)(1).

52. As a proximate result of the acts of Morgan Lewis describe herein, Jiau has been damaged in the amount to be proven at trial, but at least in an amount in excess of the jurisdictional minimum of this Court.

### PRAYER FOR RELIEF

WHEREORE, Plaintiff WINIFRED JIAU prays for the following relief:

A.     That Jiau be awarded her actual damages, in an amount to be proven at trial;

B.     That Jiau be awarded her incidental and consequential damages in an amount to be proven at trial;

C.     That Jiau be awarded such exemplary and punitive damages in an amount to be proven at trial as allowed by law;

D.     That Jiau be awarded her costs;

E.     That Jiau be granted other and further relief as this Court may deem proper.


Date: September 25, 2012

Respectfully Submitted

*Winifred Jian*

IN PRO SE
Winifred Jiau / #15221-111
Satellite Prison Camp
SPC – Dublin
5675 8th Street – Camp Parks
Dublin, CA 94568


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff Jiau hereby demands a trial by jury on all issues so triable in this action.

Date : September 25, 2012

*Winifred Jian*

By  _____

IN PRO SE

Winifred Jiau / #15221-111
Satellite Prison Camp
SPC – Dublin
5675 8th Street – Camp Parks
Dublin, CA 94568

Exhibit 1

## DECLARATION OF JOANNA C. HENDON, ESQ.

JOANNA C. HENDON, hereby declares as follows:

1. I am a member of the law firm Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178.

2. On March 2, 2011, I was appointed as counsel for Ms. Jiau by the United States District Court for the Southern District of New York (Hon. Robert P. Patterson, U.S.D.J.), under the Criminal Justice Act, 18 U.S.C. § 3006A, in the case captioned *United States* v. *Winifred Jiau*, Docket No. 1:11 Cr. 00161 (JSR).

3. Prior to my appointment, Ms. Jiau was represented by retained counsel, Frederick P. Hafetz of the law firm Hafetz Necheles & Rocco, 500 Fifth Avenue, New York, NY 10110.

4. Ms. Jiau was arrested on December 28, 2010 and held without bail. On June 20, 2011, a jury entered a verdict against her in the above-referenced case. On September 21, 2011, the District Court imposed a sentence of incarceration of 48 months to be followed by 2 years' supervised release. Ms. Jiau has been designated to and resides at the Federal Correctional Institute (FCI) in Dublin, California.

5. During March 2011, representatives of Mr. Hafetz's firm sent to me personal effects of Ms. Jiau that Ms. Jiau had entrusted to her counsel. These materials included her U.S. passport and a Chinese travel document.

6. In preparation for a bail hearing in the District Court on March 22, 2011, I reviewed Ms. Jiau's U.S. passport and her Chinese travel document. Ms. Jiau's bail application was not successful and she remained incarcerated. Shortly after the bail hearing, I asked either my administrative assistant or a member of the trial team assigned to Ms. Jiau's case to store Ms.

Jiau's U.S. passport and Chinese travel document in a secure location in our offices. I do not remember of whom I made this request.

7.    Following the trial and sentencing in this matter, Ms. Jiau requested from me the return of her U.S. Passport and Chinese travel document. Regrettably, I have been unable to locate either of these documents. Lawyers and paralegals who have worked on Ms. Jiau's case since I was appointed her counsel have carefully reviewed all of the personal effects of Ms. Jiau in our possession, together with the voluminous case file in this matter. I also carefully searched the files in my office.

8.    I have offered to assist Ms. Jiau make an application for a replacement U.S. Passport when she is released from prison.

9.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on January 9, 2012.

Joanna C. Hendon

**Exhibit 2**

----------------------------------------------------------------------------------------------------

FROM: 15221111
TO: Hendon, Joanna; Luttinger, David; Pavlovic, Vlad; Rao, Rahul; Snider, David
SUBJECT: RE: Re: please withdraw from SDNY
DATE: 09/04/2012 12:04:12 PM

Ms. Hendon and other Attorneys from Morgan Lewis:

Hope that you all have a nice Labor day weekend.

Please treat this email as my formal request to file a motion to withdraw as counsel.  My motion 2255 is ready to file with the district court of Southern District of New York.  unless you would like to file for me, please withdraw as counsels after Judge Rakoff's order issued on 8/7/2012.

thank you very much for your time.

winifred
-----Hendon, Joanna on 8/20/2012 4:30 PM wrote:

>

Dear Winnie:
You are able to terminate our representation yourself, if you wish to proceed pro se, in the District Court.  You need to let Judge Rakoff know that is your preference, in writing.  In order for us to withdraw as counsel, we would need the make an application to the Court (to Judge Rakoff), and he would have to approve that motion.  You do not need to Court's permission to proceed pro se.   If you still want us to make a motion for withdrawal, we will consider doing that.  But you should know that the Court would not be required to grant it.   The way to proceed pro se, I believe, is to write the Court a letter stating you wish to do so, and copy me or David Luttinger on that letter so the Judge knows we are aware.

I hope you're well.  We thought Randa's brief was terrific.
Good luck and best wishes,
Joanna

WINIFRED JIAU on 8/20/2012 3:34:45 PM wrote
Hi, Counsels @ Morgan Lewis:

I am writing to you to ask you to withdraw as the CJA counsel on the record of the district court of Southern District of New York.  on 10/17/2012, you have informed me that you no longer represented me for any further criminal proceedings.  I respect your wills and accepted it.  I pro se motion for bail was denied by Rakoff on 8/7. I like to file the notice of appeal.  The appeal clerk thought that you are still my counsel on the record, and not accepting my pro se notice of appeal.

I have only 2 more days to get the notice of appeal filed.  Please kindly submit your motion to withdraw and inform the clerk to the status.  So, I can file the notice of appeal timely.

thank you very much for help.

winifred

Exhibit 3

FROM: 15221111
TO: Hendon, Joanna; Luttinger, David; Maher, Randa; Pavlovic, Vlad; Rao, Rahul; Snider, David
SUBJECT: RE: Re: please withdraw from SDNY
DATE: 09/14/2012 08:57:50 AM

Hi, Counsels at Morgan Lewis:

This email is to all 5 of my counsel on the record from Morgan Lewis. I want to follow up my 3rd request on the record to you after my first email request to withdraw as counsel on 8/20, the second email request on 9/4, followed by the 3rd request via certified mail to Ms. Hendon on 9/6 ( certified # 7010 3090 0001 8554 4863).

As advised, I certified mail Judge Rakoff to request him to terminate your representation on 8/21 (Certified # 7010 3090 0001 8554 8786). I did not see your advice is valid as the termination is not found on the docket # 11-cr-161 SDNY as of today.

Please advise if you intent to file the application to withdraw as counsel on the record. Otherwise, you still owe me the obligation to file my motion 2255 as I indicated in my 9/4 and 9/6's memo to you. I will then demand you to file my motion 2255 within 5 business day at the federal district court at SDNY after I transmit you my prepared files.

Thank you and look forward to your reply.

winifred

cc. Ms. Randa Maher
-----Hendon, Joanna on 8/20/2012 4:30 PM wrote:

>

Dear Winnie:
You are able to terminate our representation yourself, if you wish to proceed pro se, in the District Court. You need to let Judge Rakoff know that is your preference, in writing. In order for us to withdraw as counsel, we would need the make an application to the Court (to Judge Rakoff), and he would have to approve that motion. You do not need to Court's permission to proceed pro se. If you still want us to make a motion for withdrawal, we will consider doing that. But you should know that the Court would not be required to grant it. The way to proceed pro se, I believe, is to write the Court a letter stating you wish to do so, and copy me or David Luttinger on that letter so the Judge knows we are aware.

I hope you're well. We thought Randa's brief was terrific.
Good luck and best wishes,
Joanna

WINIFRED JIAU on 8/20/2012 3:34:45 PM wrote
Hi, Counsels @ Morgan Lewis:

I am writing to you to ask you to withdraw as the CJA counsel on the record of the district court of Southern District of New York. on 10/17/2012, you have informed me that you no longer represented me for any further criminal proceedings. I respect your wills and accepted it. I pro se motion for bail was denied by Rakoff on 8/7. I like to file the notice of appeal. The appeal clerk thought that you are still my counsel on the record, and not accepting my pro se notice of appeal.

I have only 2 more days to get the notice of appeal filed. Please kindly submit your motion to withdraw and inform the clerk to the status. So, I can file the notice of appeal timely.

thank you very much for help.

winifred

DECLARATION

    I WINIFRED JIAU, herein declare under penalty of perjury that I am the Defendant pro se in the above stated matter and that the foregoing is true and correct based upon information and belief and not willfully false. I make this statement and declaration pursuant to 28 U.S.C. 1746 this 25 day of September , 2012.

By: _Winifred Jian_

WINIFRED JIAU
#15221111
Satellite Prison Camp
SPC-Dublin
5675 8th Street-Camp Parks
Dublin, CA 94568

# CERTIFICATE OF SERVICE

I herein certify that a true copy of the foregoing was sent via first class mail with postage

prepaid and affixed thereon this 25 day of September 2012, by placing same in the United

States mail to: The Office of Morgan, Lewis & Bockius LLP, and Joanna Hendon, 101 Park

Avenue, 40th Floor, New York, NY10178

By: _Winifred Jiau_

Winifred Jiau # 1522111
Satellite Prison Camp
SPC – Dublin
5675 8th Street - Camp Parks
Dublin, CA 94568



CERTIFIED MAIL

7010 3090 0001 8554 4795

USM
SDNY

◇15221-1
Jian
Satellite Prison Camp
5675 8th Street
Camp Parks
Dublin, CA 94568
United States

◇15221-111◇
Clerk Of Court
500 Pearl ST
SDNY Courthouse
NEW YORK, NY 10007
United States

RETURN RECEIPT
REQUESTED

RECEIVED
SDNY PRO SE OFFICE
2012 SEP 28 P 3 30