**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X

WINIFRED JIAU,                                           :

                    Plaintiff,                     :

          -against-                                       :

MORGAN, LEWIS & BOCKIUS LLP and JOANNA C.    :
HENDON,                                                       :

                  Defendants.                    :

-------------------------------------------------------------------- X

                                Case No. 12-cv-7335 (PAE)

                                ECF Case


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT


MORGAN, LEWIS & BOCKIUS LLP
Kevin T. Rover
Shana R. Cappell
101 Park Avenue
New York, New York 10178-0600
Tel: (212) 309-6000
Fax: (212) 309-6001

*Attorneys for Defendants*
*Morgan, Lewis & Bockius LLP and*
*Joanna C. Hendon*

# TABLE OF CONTENTS

Page

I.     PRELIMINARY STATEMENT ................................................................ 1

II.    FACTS RELEVANT TO JIAU'S CLAIMS ............................................ 4

III.   ARGUMENT .................................................................................... 5

      A.     Plaintiff Cannot Satisfy the Pleading Requirements for a Claim of Legal Malpractice .................................................................................... 5

      B.     The Duplicated Claim Doctrine Requires the Dismissal of Plaintiff's Remaining Causes of Action ...................................................... 6

      C.     "Violation of Civil Rights" is Not a Cognizable Claim Against Private Citizens ................................................................................ 8

      D.     The FAC Fails to Comply with the Requisite Pleading Standards Under Fed. R. Civ. P. 8(a) ........................................................... 9

            1.     Plaintiff's Attempt to Plead Facts Falls Well Short of the Iqbal and Twombly Standard ................................................... 10

            2.     The FAC Does Not Set Forth a Plausible Theory of Liability Against Defendants as Required By the Iqbal/Twombly Standard ......... 11

      E.     Plaintiff Fails to Satisfy the Heightened Pleading Requirements of Fed. R. Civ. P. 9(b) With Respect to her Claim for Relief Alleging Fraud ..................... 13

      F.     Portions of the FAC Should Be Struck Pursuant to Fed. R. Civ. P. Rule 12(f) ................................................................................ 15

      G.     Jiau Cannot Recover Punitive Damages ........................................... 16

IV.   CONCLUSION ............................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

Amadasu v. Ngati,
    No. 05CV2585, 2006 WL 842456 (E.D.N.Y. Mar. 27, 2006) .................................................9

Ashcroft v. Iqbal,
    129 S.Ct. 1937 (2009) ...........................................................................................5, 12, 13, 14

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ...................................................................................................5, 12, 13

Bellikoff v. Eaton Vance Corp.,
    481 F.3d 110 (2d Cir. 2007) .................................................................................................12

Caputo v. Pfizer, Inc.,
    267 F.3d 181 (2d Cir. 2001) .................................................................................................16

Dent v. U.S. Tennis Assoc.,
    No. CV-08-1533, 2008 WL 2483288 (E.D.N.Y. June 17, 2008) ..........................................18

Ferri v. Ackerman,
    444 U.S. 193, 100 S.Ct. 402 (1979) .....................................................................................12

Goldberg v. Meridor,
    81 F.R.D. 105 (S.D.N.Y. 1979) ............................................................................................17

In re NYSE Specialists Litigation,
    503 F.3d 89 (2d Cir. 2007) .....................................................................................................7

Lazarus v. Rhine,
    84 Civ. 3766, 1985 WL 552 (S.D.N.Y. April 25, 1985) .......................................................16

Lewis v. Nissan North Am., Inc., Corp,
    No. 04 Civ. 562, 2004 WL 1277999 (S.D.N.Y. June 9, 2004) ........................................12, 18

Rafter v. Liddle,
    No. 05 CV 4296, 2006 WL 2255093 (S.D.N.Y. Aug. 4, 2006) ..............................................9

Rombach v. Chang,
    355 F.3d 164 (2d Cir. 2004) .................................................................................................16

Sash v. Schwartz,
    No. 04 Civ. 9634, 2007 WL 30042 (S.D.N.Y. Jan. 4, 2007) .................................................8

Seippel v. Jenkens and Gilchrist, P.C.,
    341 F.Supp.2d 363 (S.D.N.Y. 2004)..........................................................................9, 10

United States ex rel. Eisenstein v. City of New York,
    2006 U.S. Dist. LEXIS 14944 (S.D.N.Y. Mar. 30, 2006) ..........................................16

**STATE CASES**

Carmel v. Lunney,
    70 N.Y.2d 169, 511 N.E.2d 1126 (N.Y. 1987) ...........................................................8

Dischiavi v. Calli,
    68 A.D.3d 1691, 892 N.Y.S.2d 700 (4th Dep't 2009) ................................................9

Estate of Steinberg v. Harmon,
    259 A.D.2d 318, 686 N.Y.S.2d 423 (1st Dep't 1999) ..............................................14

Magancoustics, Inc. v. Ostrolenk, Faber, Gerb and Soffen,
    303 A.D.2d 561, 755 N.Y.S.2d 726 (2d Dep't 2003) ..............................................10

Marquez v. J. Ross Development,
    162 A.D.2d 1011, 557 N.Y.S.2d 802 (4th Dep't 1990) ............................................14

Tabner v. Drake,
    9 A.D.3d 606, 780 N.Y.S.2d 85 (3d Dep't 2004) .....................................................10

Zarin v. Reid and Priest,
    184 A.D.2d 385, 585 N.Y.S.2d 379 (1st Dep't 1992) ...........................................8, 19

**STATUTES**

18 U.S.C. § 3006A ..........................................................................................................3, 5, 11

28 U.S.C. § 1331 ...................................................................................................................15

42 U.S.C. § 1983 ...................................................................................................................15

42 U.S.C. § 1985 ...................................................................................................................15

Fed. R. Civ. P. 8(a) ......................................................................................................5, 12, 16

Fed. R. Civ. P. 9(b) ....................................................................................................... *passim*

Fed. R. Civ. P. 12(f) .............................................................................................................18

Fed. R.Civ. P. 12(b)(6).......................................................................................................3, 7

Defendants Morgan, Lewis & Bockius LLP ("Morgan Lewis") and Joanna C. Hendon ("Ms. Hendon" and, together with Morgan Lewis, "Defendants") hereby move to dismiss the First Amended Complaint filed by Plaintiff Winifred Jiau ("Jiau") (the "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    PRELIMINARY STATEMENT

This case has, as its backdrop, the dedication and skill of Ms. Hendon and a team of Morgan Lewis litigators and support staff who defended Ms. Jiau, pursuant to Ms. Hendon's appointment under the Criminal Justice Act of 1964 ("CJA"). Disappointed by her conviction at trial, Jiau has now sued Morgan Lewis and Ms. Hendon. Jiau has no basis to sue the Defendants for anything.

On March 4, 2011, the Hon. Robert P. Patterson relieved Jiau's retained counsel and appointed Ms. Hendon to represent her. See Affirmation of Shana R. Cappell, dated May 6, 2013 ("Cappell Aff."), Exh. "A." Prior to Ms. Hendon's appointment, the parties had been litigating the question of Jiau's pre-trial release. Ms. Hendon assembled a team of Morgan Lewis attorneys (the "Trial Team") which vigorously and zealously defended Plaintiff through bail proceedings, pre-trial motions and hearings, plea negotiations, a 12 day jury trial, and at sentencing. Both the Honorable Jed S. Rakoff, who presided over the trial, and the responsible Assistant United States Attorneys, publicly praised Ms. Hendon and the Trial Team. On September 15, 2011, prior to Ms. Jiau's sentencing, Judge Rakoff stated on the record that:

> it seems to me beyond any possible quarrel that her [Jiau's] counsel has rendered extraordinary [assistance]. I believe I stated this even at the time of trial, but I state it again, in a difficult case, I have rarely seen counsel perform more ably than counsel performed for Ms. Jiau. It's often said in the area of appointed counsel that no indigent defendant is entitled to a Rolls Royce among counsel, but simply to adequate counsel. Well, in this case, Ms. Jiau had the Rolls Royce.

See Cappell Aff., Exh. "B." Avi Weitzman, one of the two Assistant United States Attorneys prosecuting Jiau, echoed Judge Rakoff's remarks, stating "[n]ot only did she [Jiau] receive the Rolls Royce of defenses as your Honor pointed out, she received the Lamborghini of defenses." Cappell Aff., Exh. "C." By contrast, Jiau's view is that the Defendants committed legal malpractice.

Jiau's claims are legally insufficient and should be dismissed. Jiau seeks to blame her conviction and incarceration on the attorneys who represented her. That Jiau was convicted does not amount to legal malpractice, however, and her conviction was not the *product* of legal malpractice. Indeed, the grievances comprising the FAC, including Jiau's claims concerning her bail application, passport and failed plea negotiations, do not constitute legal malpractice.

The Court should dismiss the FAC for a number of independent reasons. First, Plaintiff cannot establish all of the elements necessary to prove her claim of legal malpractice. Under New York law, to succeed on a claim of legal malpractice in the criminal context, a criminal defendant has no claim for relief unless she ultimately succeeds in vacating the underlying conviction and obtaining the dismissal of the indictment. Because neither predicate has occurred, this claim must be dismissed.

Second, Plaintiff's remaining claims (counts two through six) must be dismissed as duplicative of her legal malpractice claim. There is almost complete overlap in the allegations underlying these claims and her legal malpractice claim.

Third, even if the Court were to consider counts two through six as distinct from Plaintiff's legal malpractice claim, the FAC fails to comply with the pleading standards set forth in Fed. R. Civ. P. Rule 8(a) as required by the U.S. Supreme Court in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). These decisions

2

require that a plaintiff plead "sufficient factual matter" to show that the claims are facially plausible. The FAC lacks any factual content that would put the Defendants on notice of what they allegedly did wrong, containing nothing more than generalized allegations and a formulaic recitation of the legal elements of some of the counts. The FAC also fails to allege a theory that is "plausible." Among other things, Jiau fails to allege how a purported failure to "fully and properly inform Jiau as to the status of her passports" has any bearing on Defendants' representation of her at her criminal trial. FAC at ¶ 37.

Fourth, the claim for "violation of civil rights" is not a cognizable claim. The CJA, under which Defendants were appointed as counsel for Jiau, does not provide for a private right of action and, as such, Jiau may not bring suit against the Defendants for violation of that statute. Furthermore, neither Ms. Hendon nor Morgan Lewis is a state official acting under color of state law, and as such, there can be no violation of Jiau's civil rights.

Fifth, the fraud claim should be dismissed as duplicative of Jiau's legal malpractice claim. The claim also fails because the bare bones allegations do not satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). The few details that are provided still fail to provide the requisite particularity to survive a motion to dismiss.

Finally, Plaintiff cannot recover punitive damages. Plaintiff fails to allege facts demonstrating that the Defendants' conduct was so outrageous as to evince a high degree of moral turpitude and such wanton dishonesty as to imply a criminal indifference to civil obligations. Furthermore, a plaintiff suing in malpractice can recover only pecuniary losses, not punitive damages.

## II.    FACTS RELEVANT TO JIAU'S CLAIMS

On March 4, 2011, Ms. Hendon was appointed as counsel for Jiau in <u>United States of America v. Winifred Jiau</u>, 11-cr-161. On March 8, 2011, a Grand Jury returned a superseding indictment charging Plaintiff, a former technology industry consultant, with conspiracy to commit securities fraud (Count One) and substantive securities fraud (Count Two). The indictment alleged – and the Government argued at trial – that while employed by an expert networking firm, Jiau caused employees at two public companies to breach duties they owed their employers by providing her with material nonpublic information, which she then provided to two hedge funds.

Following a bail hearing at which Ms. Jiau testified, the Trial Team determined to withdraw the bail application based upon certain adverse findings made by Judge Rakoff at the hearing. Cappell Aff., Exh. "D." The trial began on June 2, 2011 and concluded on June 20, 2011, when the jury returned a verdict of guilty against Jiau on both counts of the indictment. At sentencing, Judge Rakoff imposed a four-year sentence that was far below the range proposed by the Government and well below the range of six and a half to eight years suggested by federal sentencing guidelines. <u>See</u> Capp. Aff., Exh. "E." Jiau is currently incarcerated in Satellite Prison Camp in Dublin, California.

On October 6, 2011, Morgan Lewis filed a Notice of Appeal on behalf of Jiau in the United States Court of Appeals for the Second Circuit.[1] On October 20, 2011, the Second Circuit granted Ms. Hendon's motion to withdraw as counsel for Jiau.

---

[1]      The appeal was argued on April 10, 2013 and a decision is pending. <u>See</u> Cappell Aff., Exh. "F." The appellate briefs filed in connection with this appeal are available on the Electronic Case Filing for the Second Circuit Court of Appeals, Docket Number 11-4167-CR, Docket Entries 26, 107 and 120.

## III.    ARGUMENT

When considering a motion to dismiss under Rule 12(b), the court must "accept as true all of the factual allegations contained in the FAC" and "draw all inferences in the light most favorable to the non-moving party[]." In re NYSE Specialists Litigation, 503 F.3d 89, 95 (2d Cir. 2007). Nevertheless, the court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations ... a presumption of truthfulness." Id. Plaintiff's six causes of action are largely redundant of one another. For the reasons described below, each claim fails and must be dismissed.

### A.    Plaintiff Cannot Satisfy the Pleading Requirements for a Claim of Legal Malpractice

To succeed on a claim of legal malpractice, a plaintiff must plead and prove three elements: "(1) a duty, (2) a breach of the duty, and (3) proof that actual damages were proximately caused by the breach of the duty." Sash v. Schwartz, No. 04 Civ. 9634, 2007 WL 30042, at *7 (S.D.N.Y. Jan. 4, 2007), citing Tinelli v. Redl, 199 F.3d 603, 606 (2d Cir. 1999). To establish the elements of proximate cause and actual damages in a malpractice case, "the plaintiff must show that but for the attorney's negligence, what would have been a favorable outcome was an unfavorable outcome. The test is 'whether a proper defense would have altered the result of the prior action.'" Zarin v. Reid and Priest, 184 A.D.2d 385, 386, 585 N.Y.S.2d 379, 381 (1st Dep't 1992). Furthermore, the plaintiff must demonstrate that "counsel's negligence was the proximate cause of the loss." Id., 184 A.D.2d at 387, 585 N.Y.S.2d at 381.

Jiau alleges no facts to show that, absent the Defendants' alleged negligent conduct, she would not have been convicted of the crimes for which she was indicted. Moreover, even assuming, *arguendo*, that Plaintiff properly alleged the three elements listed above, a legal malpractice claim premised upon an underlying *criminal* conviction requires an additional

showing. A criminal defendant must also show "that the alleged legal malpractice was the 'cause of the conviction' and must 'allege his innocence or a colorable claim of innocence of the underlying offense.'" Schwartz, 2007 WL 30042, at *7 (internal citation omitted). "Because a criminal defendant who has . . . been found guilty cannot assert his innocence, public policy prevents maintenance of a malpractice action against his attorney." Id. (internal citation omitted); see also Carmel v. Lunney, 70 N.Y.2d 169, 173, 511 N.E.2d 1126 (N.Y. 1987). As of the filing of this memorandum of law, Plaintiff's conviction has not been disturbed and she cannot assert her innocence.[2] Accordingly, she cannot state a claim for relief for legal malpractice and the claim must be dismissed.

> B.     The Duplicated Claim Doctrine Requires the
>            Dismissal of Plaintiff's Remaining Causes of Action

Plaintiff's claims for Negligence, Breach of Fiduciary Duty, Breach of Implied Contract and Fraud are all premised on the same facts, seek the same relief as her claim for legal malpractice and are duplicative. New York law is clear that where such duplication of claims exists, the claims are redundant and should be dismissed. See, e.g., Rafter v. Liddle, No. 05 CV 4296, 2006 WL 2255093, at *10 (S.D.N.Y. Aug. 4, 2006)(dismissing claim that attorney breached fiduciary duty "by failing to provide competent representation" as duplicative of malpractice claims and dismissing breach of contract claim and portion of fraud claim that arose from same facts as malpractice claim); Amadasu v. Ngati, No. 05CV2585, 2006 WL 842456, at *9-10 (E.D.N.Y. Mar. 27, 2006)(finding plaintiff's state law claims, including breach of contract, breach of fiduciary duty, negligence and fraud "merge into the malpractice claim [because] these claims are redundant."); Seippel v. Jenkens and Gilchrist, P.C., 341 F.Supp.2d 363, 376-77

---

[2]        To the extent Plaintiff may contend that there is a possibility her conviction could be overturned at some future point in time, such argument does nothing to change the fact that she cannot *currently* assert a viable claim for legal malpractice.

(S.D.N.Y. 2004)(same); Dischiavi v. Calli, 68 A.D.3d 1691, 1693, 892 N.Y.S.2d 700, 703 (4th Dep't 2009)(dismissing breach of contract, breach of fiduciary duty and negligence claims as duplicative of legal malpractice claim for relief).

Furthermore, a plaintiff may maintain an action for breach of contract in an attorney-client relationship separately from a legal malpractice action "*only* where the attorney has undertaken to perform a specific task and failed to do so." Seippel v. Jenkens and Gilchrist, PC, 341 F.Supp.2d 363, 376 (S.D.N.Y. 2004)(emphasis added). The Seippel Court further explained that "'a breach of contract claim premised on the attorney's failure to exercise due care or to abide by general professional standards is nothing but a redundant pleading of the malpractice claim....'" Id., citing Sage Realty Corp. v. Proskauer Rose LLP, 251 A.D.2d 35, 38-39, 675 N.Y.S.2d 14 (1st Dep't 1998). Where "no additional promise or duty ... is alleged which would extend beyond the fiduciary duty an attorney owes his or her client...the breach of contract claim is 'merely a redundant pleading of the malpractice claim' and should be dismissed." Tabner v. Drake, 9 A.D.3d 606, 611, 780 N.Y.S.2d 85, 89 (3d Dep't 2004); see also Magancoustics, Inc. v. Ostrolenk, Faber, Gerb and Soffen, 303 A.D.2d 561, 562, 755 N.Y.S.2d 726, 728 (2d Dep't 2003)(breach of contract claim dismissed as duplicative of malpractice claim where "there was no evidence of any promise by the defendants to obtain a specific result").

Here, there is no doubt that Jiau relies on the same allegations with regard to each of her first four claims for relief and the sixth claim for relief. Specifically, the FAC alleges:

Legal Malpractice – Against All Defendants:

36.     At all times alleged above, Morgan Lewis and Hendon (hereafter, "Defendants"), and each of them, **failed to exercise reasonable care, skill and diligence in performing legal services for Jiau**, and were negligent.

\* \* \*

<u>Negligence – Against All Defendants:</u>

      41.    As Jiau's criminal defense counsel, Defendants, and each of them, had a duty to exercise reasonable skill **in performing legal and other criminal defense-related service for Jiau.**

      42.    In breach of this duty, Defendants . . . fail[ed] to act as Jiau's defense counsel effectively.

* * *

<u>Breach of Fiduciary Duty – Against All Defendants:</u>

      49.    …Defendants, and each of them, violated and abused the trust and confidence of Jiau by **failing to properly and diligently perform legal services for Jiau**…

* * *

<u>Breach of Implied Contract – Against Morgan, Lewis and Bockius LLP</u>

      55.    Morgan Lewis failed to supervise Attorney Hendon and other attorneys assigned to the trial team timely, properly, and **with due care render legal services to Jiau** . . . .

<u>Fraud – Against All Defendants</u>

      66.    Defendants' deceit…were intended, among other things, **to conceal Hendon's malpractice** . . . .

FAC ¶¶ 36, 41-42, 49, 55, 66 (emphasis added).

Because each of the claims simply restates the same allegations – that Defendants failed to properly perform legal services on behalf of Plaintiff – the second, third, fourth and sixth claims for relief merge with the legal malpractice claim and should be dismissed.

    C.    <u>"Violation of Civil Rights" is Not a Cognizable Claim Against Private Citizens</u>

The FAC seems to allege that Defendants violated Plaintiff's "civil right" to adequate representation under the CJA and that Defendants violated 18 U.S.C. § 3006A(e)(1) of the CJA by failing to conduct a timely inquiry in an ex parte proceeding. FAC at ¶ 58. In seeking to

8

invoke this statute, Plaintiff is, in effect, suggesting that the CJA somehow offers her an implied private right of action against the Defendants. However, the CJA contains no statement that it is intended to provide an independent right of action for indigent clients to sue their court appointed attorneys. Courts may not ordinarily imply a private right of action unless Congress's intent to create one is explicit in the text and structure of the statute. See e.g., Bellikoff v. Eaton Vance Corp., 481 F.3d 110, 116 (2d Cir. 2007). Accordingly, this claim should be dismissed.[3]

   D.    The FAC Fails to Comply with the Requisite
         Pleading Standards Under Fed. R. Civ. P. 8(a)

Plaintiffs' claims fail to meet the Fed. R. Civ. P. 8(a)(2) pleading standards, as set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). A complaint must be dismissed if the alleged facts do not state a claim that is plausible on its face. Iqbal, 129 S. Ct. at 1950; Twombly, 550 U.S. at 561-62, 570. In Iqbal, the Supreme Court directed district courts to follow a two-step approach when evaluating a motion to dismiss: (1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) if "there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Iqbal, 129 S. Ct. at 1950.

The complaint first must contain allegations of facts that support a claim. Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal,

---

[3] Moreover, to the extent that this claim seeks to hold Defendants liable for federal civil rights violations generally, neither Ms. Hendon nor Morgan Lewis is a state official acting under color of state law, and as such, neither Defendant could have violated Plaintiff's civil rights. See Lewis v. Nissan North Am., Inc., Corp, No. 04 Civ. 562, 2004 WL 1277999, at *3 (S.D.N.Y. June 9, 2004) (dismissing pro se plaintiff's civil rights claims against private corporation and employees of that corporation, stating "[i]n order to state a claim for deprivation of civil rights, a Plaintiff must be challenging the actions of state officials or actions taken under color of state law")(internal citations omitted). In fact, the U.S. Supreme Court has rejected the idea that an attorney appointed by a federal judge to represent indigent defendants in a criminal trial is a state official, noting that the work of a court appointed attorney "parallels the office of privately retained counsel." Ferri v. Ackerman, 444 U.S. 193, 204, 100 S.Ct. 402, 409 (1979).

129 S. Ct. at 1949. A pleading cannot merely contain "naked assertions" lacking any "further factual enhancement." Id. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a claim for relief, supported by mere conclusory statements, do not suffice." Id.

Additionally, the facts that a plaintiff does allege must support a claim that is plausible, not merely possible. Twombly, 550 U.S. at 557. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

Plaintiff's claims should be dismissed because they: (1) fail to allege any facts supporting her claims, instead relying upon only legal conclusions and generalities; and (2) fail to demonstrate that her claims are plausible.

1.  Plaintiff's Attempt to Plead Facts Falls
    Well Short of the *Iqbal* and *Twombly* Standard

The FAC fails to plead any facts that put the Defendants on notice of their alleged wrongdoing and does not even approach the pleading standard set forth in Iqbal and Twombly. Paragraph 13 of the FAC sets out a list of the Defendants' purported failings yet, notably, each item in the list lacks any particularity concerning these failings. For example, the FAC specifies that the Defendants failed "to negotiate a plea agreement timely" without providing any details concerning Defendants' failure to act on her request; the Defendants failed "to investigate exculpatory evidence" without identifying what evidence Defendants failed to further examine upon receipt from the government; the Defendants failed "to impeach Government's key witnesses" without identifying which witnesses or the bases for which such witnesses should have been impeached; the Defendants failed "to object to jury instructions" without noting what

was objectionable about such instructions; and Defendants failed "to adequately represent Jiau in sentencing phase" without identifying what was inadequate about this representation. See e.g., FAC at ¶ 13(1)-(2), (4)-(5) and (9). Each statement in Paragraph 13 of the FAC consists of a conclusory assertion lacking any factual support.

The FAC also alleges that Defendants failed to disclose that Ms. Hendon had an alleged conflict of interest "in connection with the joint defense agreement with a hedge fund and Sonar Capital's email concerning Marvell trade reversal in November 2007." FAC at ¶ 15. Plaintiff fails to allege any details concerning this purported conflict of interest and, more importantly, fails to allege how such conflict actually harmed her. Instead, the FAC states only that "[l]abored under conflicts of interest, such evidence [that] *might* favor Jiau's case was not presented at trial." Id. (emphasis added). The FAC fails to make any attempt at alleging what evidence was not presented at trial, how any such omitted evidence would have benefited her or that she was damaged in any way. In a legal malpractice action based on conflict of interest, the plaintiff must demonstrate that a conflict actually existed and that she was damaged as a result; proof of the possibility of prejudice is insufficient. See Marquez v. J. Ross Development, 162 A.D.2d 1011, 1012, 557 N.Y.S.2d 802, 803 (4th Dep't 1990)(stating "in a legal malpractice action…the issue of proximate cause cannot be left to speculation."); see also Estate of Steinberg v. Harmon, 259 A.D.2d 318, 318, 686 N.Y.S.2d 423, 423 (1st Dep't 1999)(dismissing FAC because "Plaintiff does not show any damages attributable to defendant's alleged ethical breach").

### 2. The FAC Does Not Set Forth a Plausible Theory of Liability Against Defendants as Required By the *Iqbal/Twombly* Standard

The Iqbal/Twombly pleading standard requires the FAC to set forth a plausible theory of liability to survive a motion to dismiss. The FAC fails to meet this standard. The only time the

FAC purports to provide a semblance of details to support Jiau's claims is in the allegation concerning Plaintiff's lost passport. <u>See</u> FAC at ¶¶ 16, 17, 37, 49 and Exhibit 1. Although the FAC attaches as an exhibit an affirmation from Ms. Hendon detailing that the passport was misplaced while in Defendants' possession, the FAC fails to allege how Plaintiff suffered any harm as a result of this lost document. Instead, the FAC makes the implausible claim that Defendants discontinued Plaintiff's bail application in an "attempt[] to avoid to disclose [sic] to Jiau whose passport was lost by Attorney Hendon." FAC at ¶ 17. This allegation is deficient and, under the <u>Iqbal/Twombly</u> pleading standards, cannot survive.

Finally, the FAC also engages in a long description of purported wrongs committed by the *prosecutors* in the underlying criminal case, providing general allegations more appropriate for a civil action against the state for violation of 42 U.S.C. §§ 1983 and 1985. For example, the FAC bizarrely alleges that:

> many circumstantial evidence indicated a concerted pattern by the various investigators and [Assistant U.S. Attorney] Avi Weitzman to deprive Jiau of one or more of her constitutional rights. The repeated omission of exculpatory evidence by investigators while including inculpatory evidence, inclusion of debatedly fabricated evidence, failure to follow obvious and apparent leads which implicated other individuals and the use of questionable forensic conclusions suggests that the involved prosecutors were acting deliberately toward the specific end result prosecution of Jiau without regard to the warning signs along the way that their end result was unjust and not supported by the facts of their investigation. These significant and material development affecting Jiau's constitutional rights, required by at least her criminal defense counsels' duty to keep the client informed and duty of loyalty to a client, resulting in further harm to Jiau.

FAC at ¶ 15. These incomprehensible allegations seems to accuse the Defendants of failing to notify Plaintiff that the federal prosecutors were violating her civil rights. There is no plausible

theory under which Defendants may be held to have violated Plaintiff's civil rights, and the Court should dismiss the FAC.[4]

### E. Plaintiff Fails to Satisfy the Heightened Pleading Requirements of Fed. R. Civ. P. 9(b) With Respect to her Claim for Relief Alleging Fraud

Given Jiau's failure to satisfy the basic Fed. R. Civ. P. 8(a) pleading standard, she necessarily fails to comply with the heightened pleading standard required for a claim of fraud. See Fed. R. Civ. P. 9(b). Rule 9(b) requires that "all averments of fraud . . . be stated with particularity." "The particularity requirement of Rule 9(b) serves to 'provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit.'" Rombach v. Chang, 355 F.3d 164, 171 (2d Cir. 2004) (quoting O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674,676 (2d Cir. 1991)). Although Rule 9(b)'s particularity standard "may be read more broadly for *pro se* complainants," it nevertheless "still requires of them a degree of specificity." United States ex rel. Eisenstein v. City of New York, 2006 U.S. Dist. LEXIS 14944, *16 (S.D.N.Y. Mar. 30, 2006). See also, Lazarus v. Rhine, 84 Civ. 3766, 1985 WL 552, at *2, n.2, (S.D.N.Y. April 25, 1985) (dismissing a claim under Rule 9(b) and noting that "we cannot be so liberal in our reading [of *pro se* complaints] as to supply jurisdiction where none exists").

To satisfy the heightened pleading requirement of Rule 9(b), a complaint must "specify the time, place, speaker, and content of the alleged misrepresentations," "explain how the misrepresentations were fraudulent and 'plead those events which give rise to a strong inference that the defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for

---

[4]     The FAC also incorrectly alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1985 and 42 U.S.C. § 1983. See FAC at ¶ 4. 28 U.S.C. § 1331 provides federal district courts with original jurisdiction over all civil actions arising "under the Constitution, laws or treaties of the United States." None of the claims in the FAC falls within this domain. Furthermore, the assertion that this Court has jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1985 is also flawed given the fact that to proceed under either of these sections of Title 42, the plaintiff must demonstrate that the defendant was acting under the authority or color of state law.

the truth.'" <u>Caputo v. Pfizer, Inc.</u>, 267 F.3d 181, 191 (2d Cir. 2001). Here, Jiau has offered no specific allegations of fraud that come close to meeting these requirements. Instead, the FAC broadly asserts that Defendants defrauded Jiau:

- with "false statements and dilutive advertisements" FAC at ¶ 61;

- by "withholding material information" FAC at ¶ 63; and

- with "affirmative misrepresentations of the fact material" FAC at ¶¶ 63, 64.

In fact, in her nine-paragraph claim for fraud, she alleges only two specific facts: (1) the information Defendants allegedly withheld was acquired from a company named Sonar Capital (<u>see</u> FAC at ¶ 62); and (2) Defendants allegedly made misrepresentations in June 2011. <u>See</u> FAC ¶¶ 65 and 66. Both of these allegations fail to provide the requisite detail under Rule 9(b) since Jiau fails to explain *what* information was acquired from Sonar Capital, *who* acquired it or a specific date when the information was allegedly acquired. Furthermore, the FAC completely fails to explain how the information at issue was "material" to Jiau's "conviction and sentence." Indeed, Jiau refers to "material information" at least *five* times in the FAC (<u>see e.g.</u>, FAC at ¶¶ 18, 37, 62-64) yet each time she fails to provide *any* detail regarding what the information actually was.[5]

Finally, the fraud claim itself is incoherent and internally contradictory. Jiau initially alleges that Defendants claimed to be withholding such "material" information because "['w]e had entered a Joint defense agreement with Sonar'."[6] FAC at ¶ 63. The very next paragraph of the FAC then alleges that Defendants explained they were withholding such information because

---

[5]    The FAC concludes with a recitation of the elements for a fraud claim, FAC at ¶¶ 67-8, again without providing any specificity as to reliance or damages specifically incurred.

[6]    The source, timing and context of this quoted language is not provided. One is left to wonder whether this quote was, in actuality, an oral statement made by Ms. Hendon and repeated verbatim by Jiau or whether words to that effect were uttered by someone associated with Defendants at some point during the generally relevant time frame.

"[t]here is <u>no</u> agreement with Sonar...." FAC at ¶ 64 (emphasis added).  The claim, as written, is so muddled and lacking in any detail that it denies Defendants an opportunity to meaningfully respond to the allegations and fails to put them on notice of an actual claim.  Rule 9(b) is intended to ensure that "each defendant is provided with reasonable detail concerning the nature of his particular alleged involvement in a fraud."  <u>Goldberg v. Meridor</u>, 81 F.R.D. 105, 110-111 (S.D.N.Y. 1979) (finding "complaint so totally lack[ed] the detail necessary to put a defendant on notice of the charges against him as to require wholesale repleading").  Accordingly, this claim should be dismissed.

F.      <u>Portions of the FAC Should Be Struck Pursuant to Fed. R. Civ. P. Rule 12(f)</u>

The FAC sets forth a lengthy recitation of allegations involving Jiau's multiple *pro se* filings to this Court requesting a new trial, <u>see</u> FAC at ¶¶ 25-27, references to medical treatment Jiau received while incarcerated,  <u>see</u> FAC at ¶ 28 and Exh. "4," and a full paragraph describing Jiau's suspension from the Charter Financial Analyst Institute.  FAC at ¶ 29.  These statements bear no relation to claims for relief alleged in the FAC and should therefore be stricken.  <u>See</u> <u>Lewis</u>, 2004 WL 1277999, at *3 (striking irrelevant statements in a *pro se* plaintiff's complaint).  Under Fed. R. Civ. P. 12(f), a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  In the <u>Lewis</u> case, the Court explained that the plaintiff included "clearly irrelevant, inflammatory factual matters in the Complaint, with corresponding exhibits....They are irrelevant to Plaintiff's claims against Defendants and there is no meaningful way in which Defendants can respond to them in their Answer.  It is therefore appropriate to strike this material from the Complaint."  <u>Id.</u>; <u>citing</u> <u>In re</u> <u>Merrill Lynch and Co., Inc. Research Reports Secs. Litig.</u>, 218 F.R.D. 76, 78 (S.D.N.Y. 2003)("Second Circuit case law makes it clear that references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits...are, as a

matter of law, immaterial under Rule 12(f)"). Accordingly, Paragraphs 25, 26, 27, 28, 29 and Exhibit 4 of the FAC should be stricken pursuant to Fed. R. Civ. P. 12(f).[7]

G. Jiau Cannot Recover Punitive Damages

Jiau seeks punitive damages in connection with her claim for breach of fiduciary duty. To plead a viable claim for punitive damages, a plaintiff must allege that a defendant's conduct "was so outrageous as to evince a high degree of moral turpitude and showing such wanton dishonesty as to imply a criminal indifference to civil obligations." Zarint, 184 A.D.2d at 388, 585 N.Y.S.2d at 382. A claim for punitive damages should be dismissed where a plaintiff fails to allege facts demonstrating such conduct. Id. In alleging her demand for punitive damages, Jiau references a handful of buzz terms at the end of her Breach of Fiduciary claim for relief, which amounts to nothing more than conclusory statements devoid of any factual content. She merely asserts that the Defendants' alleged actions were performed with "a reckless disregard," "with intent to defraud," and "with bad faith, malice, fraud and oppression."[8] FAC at ¶¶ 50 and 52. Jiau provides no factual allegations to support such a finding. Accordingly, her demand for punitive damages should be dismissed as insufficient as a matter of law.

---

[7]    Furthermore, the statements concerning resume fraud in paragraph 24 of the FAC should be stricken because these allegations are wholly unsubstantiated and not supported by admissible evidence. Paragraph 24 of the FAC alleges "deceptive and misleading statements that Jiau discovered from Hendon's on-line resume published in May 2011, including the false statement that she had defended Mr. Samuel Waksal in the Imclone securities fraud case." The only support for this allegation is the fact that "Hendon's Notice of Appearance was not found on the docket #02-cr-01041, S.D.N.Y." This conclusory allegation is not admissible evidence. See Dent v. U.S. Tennis Assoc., No. CV-08-1533, 2008 WL 2483288, at *1, 2-4 (E.D.N.Y. June 17, 2008)(granting defendant's 12(f) motion where plaintiff's allegations were "based on irrelevant and inadmissible assertions of fact.") As such, Paragraph 24 of the FAC should be stricken, as well.

[8]    Not only are there no facts alleged to support a demand for punitive damages, with the inclusion of allegations of fraud, Plaintiff must now meet the heightened pleading requirement set forth in Fed. R. Civ. P. 9(b). As discussed supra in Section E, Jiau fails to comply with the heightened pleading standard for a fraud-based claim.

## IV.    CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Court dismiss the FAC.

Respectfully submitted,

Morgan, Lewis & Bockius LLP
101 Park Ave.
New York, NY 10178
(212) 309-6000

By:   /S/  Kevin T. Rover
        Kevin T. Rover
        Shana R. Cappell
        krover@morganlewis.com
        scappell@morganlewis.com

*Attorneys for Defendants*
*Morgan, Lewis & Bockius LLP and Joanna*
*C. Hendon*

Dated:  May 6, 2013