UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
WINIFRED JIAU,                                      :
                                    Plaintiff,      :
                                                    :        12 Civ. 7335 (PAE)
            -v-                                     :
                                                    :              ORDER
MORGAN, LEWIS & BOCKIUS, LLP, et al,                :
                                                    :
                                    Defendants.     :
                                                    :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

        The Court has received plaintiff's motion to substitute parties dated August 19, 2013.

Dkt. 43. The Court requests that defendants submit a response by September 26, 2013. Once the

plaintiff's motion to substitute parties is resolved, the Court will set a new deadline for plaintiff

to respond to defendant's motion to dismiss.

        The Court has also received plaintiff's application for pro bono counsel dated September

11, 2013. Dkt. 44. On October 26, 2012, plaintiff was granted leave to proceed *in forma*

*pauperis.* Dkt. 9. When evaluating such an application for counsel by a plaintiff who is

proceeding *in forma pauperis*, the Court must first determine as a threshold matter whether the

position taken by the plaintiff "seems likely to be of substance." *Hodge v. Police Officers*, 802

F.2d 58, 61 (2d Cir. 1986). If the plaintiff's position passes this threshold inquiry, the Court

must then proceed to consider other factors, including "the plaintiff's ability to pay for private

counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to

gather the facts and deal with the issues if unassisted by counsel." *Cooper v. Sargenti Co.*, 877

F.2d 170, 172 (2d Cir. 1989) (per curiam). In considering such requests, district courts must take

note of the fact that "[v]olunteer lawyer time is a precious commodity," and therefore applications for appointment of counsel should not be granted "indiscriminately." *Id.* at 173.

The Court cannot conclude at this time that defendant's case merits an order of pro bono counsel given the "precious commodity" that is volunteer lawyer time. However, as the Court's knowledge of the case develops through, for instance, an examination of the record and further pleadings, the Court may be in a better position to determine whether plaintiff's chances of success warrant the appointment of counsel.

Accordingly, it is hereby ORDERED that plaintiff's application for the appointment of counsel is denied without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

SO ORDERED.

Dated: September 13, 2013
New York, New York

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

2