UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

WINIFRED JIAU,

                        Plaintiff,

        -v-

MORGAN, LEWIS & BOCKIUS, LLP, et al,

                        Defendants.

------------------------------------------------------------------------X

12 Civ. 7335 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Winifred Jiau is suing her former criminal defense attorneys for, among other things, legal malpractice arising out of her trial and ultimate conviction for securities fraud and conspiracy to commit securities fraud. *United States v. Jiau*, 794 F. Supp. 2d 484, 485 n.2 (S.D.N.Y. 2011). On September 28, 2012, Jiau brought her first complaint against Joanna Hendon and her firm, Morgan, Lewis & Bockius, LLP. Dkt. 1. On February 4, 2013, Jiau filed her first amended complaint. Dkt. 22. On May 7, 2013, defendants moved to dismiss. Dkt. 27. On July 15, 2013, Jiau filed her second amended complaint. Dkt. 34. On August 5, 2013, defendants moved to dismiss the second amended complaint, for the first time arguing that the case should be dismissed for lack of subject matter jurisdiction, in part on the ground that there was no complete diversity of citizenship between the parties. Dkt. 35. Defendants pointed out that, as a partnership, Morgan, Lewis & Bockius is a citizen of every State of which any of its partners is a citizen, *C. T. Carden v. Arkoma Associates*, 494 U.S. 185, 196-97 (1990), making it, like Jiau, a citizen of California. In response, on August 19, 2013, Jiau filed this motion to substitute parties, seeking "to substitute John and Jane Does Number 1-400 who are partners located and doing business in Morgan Lewis & Bockius, LLP's offices in the State of New York

or Pennsylvania as party-defendant, in place and instead of Morgan Lewis Bockius, LLP." Dkt. 43. On September 16, 2013, the Court requested that defendants respond to the motion to substitute, Dkt. 45, and on the same day, defendants responded. Dkt. 47.

Defendants argue that the Court should deny Jiau's motion to substitute because it is futile, insofar as she has not pled any legally sufficient claims against the John and Jane Doe partners she seeks to name as defendants. *See Sheldon v. PHH Corp.*, No. 96 Civ. 1666, 1997 WL 91280, at *3 (S.D.N.Y. Mar. 4, 1997) *aff'd*, 135 F.3d 848 (2d Cir. 1998) ("there would be no more point in allowing the addition under Rule 21 of a new defendant against whom the plaintiff has no legally sufficient claim than there would be in permitting the plaintiff to amend a complaint under Rule 15 to add a cause of action that fails to state a claim upon which relief may be granted."). The Court agrees. As defendants point out, Jiau has not pled a claim against the John and Jane Doe partners, because they are not vicariously liable for the actions of the two partners who actually worked on the case, *see* New York Partnership Law § 26(c), 15 Pa.C.S.A. § 8204(a), and Jiau has not made any factual allegations specific to the John and Jane Does 1-400. This is not a matter of mere pleading—because New York and Pennsylvania law eliminates vicarious liability for limited liability partnerships, Jiau can sue, as among firm attorneys, only the attorneys who worked on her case or who directly supervised attorneys working on her case. The Court therefore denies Jiau's motion to substitute parties as futile.

Defendants further argue that the Court should deem Jiau's motion to substitute as a waiver of her right to respond to the other arguments raised in defendants' motion to dismiss. Defendants point to paragraph 7 of Jiau's motion to substitute, in which she states that "[w]ithout admitting the purported validity of the claims in Defendant's August 5 Second Motion to Dismiss, but in lieu of contesting those claims, Plaintiff makes this motion for leave to substitute

2

. . . to maintain diversity of citizenship between Plaintiff and Defendants." Defendants urge this Court to construe the phrase "in lieu of contesting those claims" to refer to all the claims raised in defendants' motion to dismiss. The Court declines to read this *pro se* plaintiff's words so uncharitably. The reference to "diversity of citizenship" in the end of the sentence makes clear that Jiau's motion was in response to, and was made in lieu of contesting, only the diversity arguments. Indeed, this is the only purpose that her motion to substitute could serve. Furthermore, while her motion to substitute parties was still pending before this Court, Jiau sought an extension of time to file her opposition to the motion to dismiss, Dkt. 46, indicating that she did not mean to waive any such rights.

The Court grants Jiau until October 21, 2013, to file her opposition to defendants' motion to dismiss. Defendants shall file their reply no later than two weeks after receipt of plaintiff's opposition.

The Clerk of Court is ordered to terminate the motions at docket numbers 43 and 48.

SO ORDERED.

Dated: September 19, 2013
New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

3