UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINIFRED JIAU
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

MORGAN LEWIS & BOCKIUS, et al
_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/23/13

12 Civ. 7335 (PAE) ( )

**REPLY AFFIRMATION
IN SUPPORT OF MOTION**

RECEIVED
SEP 23 2013
PRO SE OFFICE

I, WINIFRED JIAU, affirm under penalty of perjury that:
   *(name)*

1. I, WINIFRED JIAU, am the plaintiff/~~defendant~~ in the above entitled action, and
         *(name)*                           *(circle one)*
submit this affirmation in further support of my motion to this Court for an order
SUBSTITUTE PARTY _____
                    *(state what you want the Judge to order)*

2. The reason why I am entitled to the relief I seek is the following *(state your additional reasons using additional paragraphs and additional sheets of paper as necessary; you should not repeat information from your original affirmation)*: It is well settled that Rule 21 authorizes courts to drop a dispensable nondiverse party at any time. "It also well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint." See St. Paul Fire and Marine Insurance Company v. Universal Builder Supply, 409 F.3d 73. 80 (2d Cir, 2005)

**WHEREFORE**, I respectfully request that the Court grant my motion, as well as such other and further relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Dublin       , CA          Signature  Winifred Jiau
         *(city)*    *(state)*     Address  Winifred Jiau/ #15221-111
        September 18, 20 13                 Satellite Prison Camp, SCP-Dublin
        *(month)* *(day)* *(year)*          5675 8th Street Camp Parks
                                   Telephone Number  Dublin, CA 94568
                                   Fax Number *(if you have one)* _____

Rev. 05/2010

The function of a motion to dismiss is "merely to access the legal feasibility of the complaint, not to assay the weight to the evidence which might be offered in support thereof." See Ryder Energy Distribution v. Merrill Lynch Commodities, Inc. 748 F. 2d 774, 779 (2d Cir, 1984). Defendants August 5' submission argues for the first time that the complaint should be dismissed for lack of diversity jurisdiction, in addition to other challenges filed on May 6 in their Motion to dismiss Plaintiff's First Amended Complaint.

Plaintiff is not a lawyer, was detained since her first met with Defendants in MCC New York in March 2011, and was unable to access public records, court records and Morgan Lewis's website. Her limited knowledge was given by Attorney Hendon and her associates that Morgan Lewis is a leading national law firm and its main office is in Pennsylvania with some other offices throughout United States, including New York. Ms. Hendon did not provide any details like the list in Exhibit A of Defendants' motion to dismiss Plaintiff's second amended complaint. According to Defendants' July 26 list, Morgan Lewis's business offices are limited in ten states out of fifty two states of US. The list does not include any organization or reporting hierarchy nor assigned responsibilities indentifying who were the general partners or senior partners oversee / supervise the practice in the firm's New York office or CJA / pro bono projects assigned by the Federal District Court for the Southern District of New York in 2011. Instead of opposing Defendants' August 5's new challenge, Plaintiff moved to substitute party on August 19, Defendants did not file a response or otherwise object until the Court's order entered on September 16 requesting Defendants to respond. Defendants now argues for the first time that individual partners in an LLP enjoy limited liability from misconduct or from negligence of their fellow partners and the partnership itself.

1

"It is well settled that Rule 21 authorizes courts to drop a dispensable nondiverse party at any time, even after judgment has been rendered, as long as doing so would not prejudice any of the remaining parties." Call Center Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp., 635 F. 3d 48, 51 (2d Cir, 2011). "It is also well established that when the question of subject matter jurisdiction, the court is permitted to rely on infromation beyond the face of the complaint." St. Paul Fire and Marine Insuruance Company v. Universal Builders Supply, 409 F. 3d 73, 80 (2d Cir, 2005). "Regardless of the procedural vehicle for the motion, unless it appears that a non-diverse defendant cannot be dropped from an action without prejudice to the remaining defendants, the motion should be granted and a failure to do so is an abuse of discretion." See Kerr v. Compagnie De Ultramar, 250 F. 2d 860, 864 (2d Cir, 1958).

Plaintiff is informed and believes that individual defendants "have all participated in the management and operations" of Morgan Lewis & Bockius, LLP, and "that they each have the power to hire and fire employees, set wages and schedules" and engage their clients on behalf of Morgan Lewis & Bockius, LLP. Plaintiff's allegation are plainly sufficient to state a claim for individual liability. See Hernandez v. Habana Room, Inc. 2012 U.S. Dist LEXIS 17289 (S.D.N.Y. 2012). Defendants' arguments in this opposition completely ignore some of the facts alleged, and defects in Plaintiff's complaint request a level of detailed pleading that is contrary to letter and spirit of federal rules.

It is unambiguous that Plaintiff does not need to respond Defendants' motion to dismiss until a new deadline set by the Court pending this motion ordered by the Court on September 16, 2013. Plaintiff prays this Court when deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINIFRED JIAU

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

MORGAN LEWIS & BOCKIUS, et al

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

12 Civ. 7335 (PAE) ( )

**AFFIRMATION OF SERVICE**

RECEIVED SEP 23 2013 PRO SE OFFICE

I, Winifred Jiau (name), declare under penalty of perjury that I have served a copy of the attached Reply Affirmation in Support of Motion (document you are serving) upon Kevin T. Rover, Shanna R. Cappell (name of person served) whose address is 101 Park Avenue, 40th Floor, New York, NY 10178 (where you served document) by first class mail with postage prepaid and affixed (how you served document: For example - personal delivery, mail, overnight express, etc.).

Dated: Dublin (town/city), CA (state)
September (month) 18 (day), 2013 (year)

Signature: Winifred Jiau / #15221-111
Satellite Prison Camp, SCP-Dublin
5675 8th Street-Camp Parks
*Address*
Dublin, CA
*City, State*
94568
*Zip Code*

*Telephone Number*

Rev. 05/2007

Winifred Jiwu
#15221111
Satellite Prison Camp
SCP-Dublin
5675 8th Street - Camp Parkes
Dublin, CA 94568

Legal Mail

US District Court, SDNY
Pro Se Office
500 Pearl ST
Room 230
NEW YORK, NY 10007
United States

7011 0470 0002 2052 0487

CERTIFIED MAIL