UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WINIFRED JIAU,

                      Plaintiff,

       -v-

MORGAN, LEWIS & BOCKIUS, LLP, JOANNA C. HENDON,

                      Defendants.

------------------------------------------------------------X

12 Civ. 7335 (PAE)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/13

PAUL A. ENGELMAYER, District Judge:

In this lawsuit, *pro se* plaintiff Winifred Jiau sues her former criminal defense attorneys for, among other things, alleged legal malpractice arising out of her trial and ultimate conviction for securities fraud and conspiracy to commit securities fraud. *United States v. Jiau*, 794 F. Supp. 2d 484, 485 n.2 (S.D.N.Y. 2011). On September 28, 2012, Jiau brought her first complaint against Joanna Hendon, Esq. and her then-law firm, Morgan, Lewis & Bockius, LLP. Dkt. 1. On February 4, 2013, Jiau filed a First Amended Complaint. Dkt. 22. On May 7, 2013, defendants moved to dismiss. Dkt. 27. In response, on July 15, 2013, Jiau filed a Second Amended Complaint ("SAC"). Dkt. 34.

On August 5, 2013, defendants moved to dismiss the SAC, arguing, for the first time, that the case should be dismissed for lack of subject matter jurisdiction, including because there was no complete diversity of citizenship between the parties. Dkt. 35. Defendants noted that, as a partnership, Morgan, Lewis & Bockius, LLP is a citizen of every State of which any of its partners is a citizen, *C. T. Carden v. Arkoma Associates*, 494 U.S. 185, 196-97 (1990), making it, like Jiau, a citizen of California.

In response, on August 19, 2013, Jiau filed a motion to substitute parties, seeking "to substitute John and Jane Does Number 1-400 who are partners located and doing business in Morgan Lewis & Bockius, LLP's offices in the State of New York or Pennsylvania as party-defendant, in place and instead of Morgan Lewis Bockius, LLP." Dkt. 43. On September 16, 2013, the Court requested that defendants respond to the motion to substitute, Dkt. 45, and on the same day, defendants responded, Dkt. 47. On September 20, 2013, the Court denied Jiau's motion to substitute as futile, because as defendants pointed out, Jiau had not pled any legally sufficient claims against the John and Jane Doe partners she sought to name as defendants.

On September 23, 2013, the Court received a filing from Jiau dated September 18, 2013 and styled "Reply Affirmation in Support of Motion," which appeared to respond to defendants' September 16 opposition to her motion to substitute. Dkt. 50.

On September 30, 2013, Jiau moved for reconsideration of the Court's September 20, 2013 decision or, in the alternative, to substitute for the currently named defendants (Morgan, Lewis and Bockius, LLP and Joanna C. Hendon) the following persons: Joanna C. Hendon, David Luttinger, and, as Does, the as-yet unidentified other lawyers at Morgan, Lewis & Bockius, LLP who worked on Jiau's criminal case. Dkt. 51. On October 2, 2013, the Court issued an order construing Jiau's September 30 motion as a motion to substitute and directing defendants to respond. Dkt. 52.

On October 18, 2013, defendants responded. Dkt. 55–56. Defendants correctly point out that Jiau again "fails to provide any allegations of wrongdoing or factual support against the new proposed defendants." Def. Br. 1. The SAC is devoid of any reference to wrongdoing by Luttinger, save for the conclusory statement that he was "aware [of] Hendon's malpractice." SAC ¶ 14. Nor does the SAC allege any acts of wrongdoing by the unidentified attorneys at

Morgan, Lewis & Bockius, LLP. Thus, Jiau does not state a claim against Luttinger or the John Does. The only person as to whom Jiau alleges concrete facts, and therefore as to whom Jiau can *conceivably* have stated a claim is Hendon—and it is premature, pending full briefing on defendants' motion to dismiss, for the Court to resolve whether Jiau *has* stated such a claim. Accordingly, the Court denies Jiau's motion to add Luttinger and John Does 1-10 as futile. *See Sheldon v. PHH Corp.*, No. 96 Civ. 1666, 1997 WL 91280, at *3 (S.D.N.Y. Mar. 4, 1997) *aff'd*, 135 F.3d 848 (2d Cir. 1998). The Court further grants Jiau's motion to drop Morgan, Lewis & Bockius, LLP as a defendant. The sole remaining defendant, therefore, is Hendon.

Briefing will now resume on the motion to dismiss. By November 4, 2013, Hendon shall file a new memorandum of law in support of her motion to dismiss or inform the Court and plaintiff that she rests on her previously filed memorandum. Dkt. 36. Jiau will have until December 9, 2013, to file her opposition. Hendon's reply will be due December 23, 2013.

The Clerk of Court is respectfully ordered to terminate the motion at docket number 51.

SO ORDERED.

Dated: October 21, 2013
New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

3